UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>                       Plaintiff,<br><br>         v.<br><br>SHENTECH.COM, INC.,<br><br>                       Defendant. | Civil Action No. 4:07CV03611<br><br>Judge Lioi |

## ORDER

Before the Court is Plaintiff, International Business Machines Corporation's Motion for Default Judgment. The Court, having considered International Business Machines Corporation's Motion and evidentiary materials submitted with the Motion, finds as follows:

1.     Plaintiff, International Business Machines Corporation, ("IBM") filed a Complaint against Defendant Shentech.com, Inc. ("Shentech") on November 20, 2007, asserting trademark counterfeiting, trademark infringement, trademark dilution, unfair competition, false advertising and deceptive and unfair trade practices in violation of 15 U.S.C. § 1051 et seq., Ohio Rev. Code § 4165.02 and Ohio common law.

2.      On November 24, 2007, Defendant was served with the Summons and Complaint.

3.      IBM moved for expedited discovery on November 21, 2007.  On December 6, 2007, this Court entered an Order expediting discovery and allowing for the immediate preservation of evidence.  Shentech partially complied with that Order by granting IBM's third-party experts access to some, but not all, of the computer storage drives within Shentech's possession, custody or control.  Those third-party experts made a mirror-image copy of those storage drives.  The data is currently being safeguarded by the experts in a secure location.

4.      Shentech has not answered, moved or otherwise pled in response to the Complaint.

5.      On March 18, 2008, the Clerk of Courts for the United States District Court for the Northern District of Ohio entered default in favor of IBM.

6.      Pursuant to the Entry of Default, the Court further finds:

(a) The "IBM" trademark is famous;

(b) Shentech used the famous "IBM" trademark after it became famous in connection with counterfeit goods.  Shentech's use of the "IBM" trademark diluted the "IBM" trademark, and furthermore, has infringed the "IBM" trademark;

(c) Shentech has made false statements of material fact concerning batteries it sold constituting false advertising; and

(d) Absent an award of injunctive relief, IBM will suffer irreparable harm.  Such relief will not harm Shentech and is in the public interest.

7.      In light of the foregoing, the Court hereby Orders that final judgment shall be entered in favor of IBM on its claims of trademark counterfeiting, trademark infringement, trademark dilution, unfair competition, false advertising and deceptive and unfair trade practices in violation of 15 U.S.C. § 1051 et seq., Ohio Rev. Code § 4165.02 and Ohio law.

8.    As of the date of this Order, Shentech, its directors, principals, officers, members, agents, servants, employees, representatives, successors and assigns and all those acting in concert or participation with it shall be and hereby are immediately PERMANENTLY ENJOINED and restrained from:

>    (a) Using any reproduction, counterfeit, copy or colorable imitation of any IBM trademark or any mark confusingly similar thereto, including specifically manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products bearing any reproduction, counterfeit, copy or colorable imitation of any IBM trademark, without the express authorization, license or consent of IBM;

>    (b) Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed or sold by Shentech are in any manner associated or connected with IBM, or are sold, manufactured, licensed, sponsored, approved or authorized by IBM;

>    (c) Engaging in any other conduct that suggests or tends to suggest to the public that Shentech is in any manner, directly or indirectly, affiliated, connected or associated with IBM, or that the Shentech's services, goods or commercial activities originate from or are sponsored or approved by IBM; and

>    (d) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs (a) through (c) above.

9.    Pursuant to 15 U.S.C. § 1117, because Shentech's acts of trademark counterfeiting, trademark infringement, trademark dilution, unfair competition and false advertising were willful within the meaning of 15 U.S.C. §§ 1117.

10.    IBM has withdrawn its request for statutory damages, costs and attorney's fees. As such, no fees and costs will be awarded.

11.    IBM shall be permitted immediate access to the data preserved in the mirror images of Shentech's computer storage drives currently in the possession of IBM's third-party computer experts.

12.     This order supersedes the Court's order entered on April 24, 2008 (Doc. No.  12). The evidentiary hearing scheduled for May 16, 2008 at 2:00 p.m. is canceled.

13.     This case is DISMISSED.


**IT IS SO ORDERED**.


Dated: May 15, 2008

_____
       **HONORABLE SARA LIOI**
       **UNITED STATES DISTRICT JUDGE**